```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
MARINO NUNEZ,                      *
        Petitioner,                *
                                   *
V.                                 *    Civil No. 04-10993-RCL
                                   *
UNITED STATES OF AMERICA,          *
        Respondant.                *
```

## TRAVERSE TO GOVERNMENT'S RESPONSE

### INTRODUCTION

Comes now, Marino Nunez, the petitioner in the above captioned case, proceeding pro-se, and respectfully submits this traverse in oppossition to the government's response to his 28 U.S.C. § 2255 motion. Such response was mailed to the petitioner on October 29, 2004.

### DISCUSSION

Primarily, the government contends that the petitioner's issues are not subject to collateral attack and are without merit. It is the petitioner's contention that his issues are in fact reviewable in this court pursuant to 28 U.S.C. § 2255, and should be held to a less stringent standard as the petitioner is a pro-se litigant. Further, it appears as if some of the circumstances of the instant case are subject to plain error review. Finally,

-1-

it has not been acknowledged by the government that the sentence imposed upon the petitioner provides grounds for relief under the recent decision of the United States Supreme Court in <u>Blakely v. Washington</u>, 2004 WL 1402697 (June 24, 2004).

It is the petitioner's contention that the four (4) level enhancement at sentencing for being an organizer is subject to review in this collateral attack, as the adjusted offense level which included such enhancement exceeded the legal maximum sentence allowed and was imposed in violation of the Constitution and United States law. Therefore, the 108 month sentence imposed upon the petitioner serves as an upward departure outside of the applicable Guideline range and statutory maximum sentencing range and thus violates the Sixth Amendment.

In <u>Blakely v. Washington</u>, the Supreme Court found that the Sixth Amendment right to a trial by jury makes unconstitutional the imposition of any sentence above the statutory maximum prescribed by the facts found by a jury or admitted by the defendant. <u>Id</u>. at *4. In <u>United States v. Ronald Shamblin</u>, Criminal No. 2:03-00217, the United States District Court for the Southern District of West Virginia had to determine, in light of <u>Blakely</u>, whether the maximum statutory range was the range permitted by statute or the range permitted under the United States Sentencing Guidelines.

That determination required a comparison of the Washington

State sentencing scheme to the United States Sentencing Guidelines. The court acknowledged that structural differences did in fact exist between the Washington State guidelines and the United States Sentencing Guidelines, and that those differences made the United States Sentencing Guidelines more vulnerable to attack. 2004 WL 1402697 at *16 (O'Conner, J. dissenting). In its determination, the Shamblin court, complying with Blakely, held that the jury verdict alone - or the defendant's admission alone - "must authorize the sentence." Id. at *5, n.8, and that the upper boundary of the appropriate guideline range, based on facts proven to a jury beyond a reasonable doubt or admitted by the defendant, established the relevant statutory maximum.

Further, in Ring v. Arizona, 536 US 584 (2002), the Supreme Court held that "if a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact - no matter how the state labels it - must be found by a jury beyond a reasonable doubt - a defendant may not be exposed - to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jurys verdict alone." 536 US 584, 602 (2002)(internal citations omitted). Blakely applied this reasoning and precedent to the Washington State guideline scheme and stated that - the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone

does not allow, the jury has not found all of the facts which the law makes essential to the punishment, and the judge exceeds his proper authority. 2004 WL 1402697 at *4.

Wherefore, the petitioner contends that any fact, such as the enhancement for leadership role, that is legally essential to the punishment must be proven beyond a reasonable doubt to a jury or <u>admitted</u> by the defendant. In the instant case, the four (4) level enhancement for leadership role was neither charged in the indictment, nor admitted to by the petitioner, constituting a Sixth Amendment violation and court error.

Justices O'Conner, Breyer, Kennedy, and Chief Justice Rehnquist all agreed that the United States Sentencing Guidelines cannot be distinguished from the Washington State guidelines as seen in <u>Blakely</u>. Justice O'Conner stated "under the majority approach", that the courts approach, "any fact that increases the upper bound on a judge's sentencing discretion is an element of the offense. Thus, facts that historically have been taken into account by sentencing judges to assess a sentence within a broad range - such as drug quantity, <u>role in the offense</u>, risk of bodily harm - all must now be charged in an indictment and submitted to a jury." (emphasis added).

Justice Breyer stated, "thus, a jury must find, not only the facts that make up the crime of which the offender is charged, but also all (punishment-increasing) facts about the way in which the

-4-

offender carried out that crime."

The majority opinion also stated, "The Framers would not have thought it too much to demand that, before depriving a man of three more years of his liberty, the State should suffer the modest inconvenience of submitting its accusation to 'the unanimous suffrage of twelve of his equals and neighbors,' 4 Blackstone, Commentaries, at 343, rather than a lone employee." That is me, the judge, "of the state".

Wherefore, under Blakely, it seems that the petitioner's admission alone merely established that he did in fact violate Title 21, United States Code, Sections 846 and 841(a)(1) as charged in the indictment. Therefore, under the United States Sentencing Guidelines, which have the force and effect of law, the maximum sentence to which the petitioner is exposed is the maximum sentence in the United States Sentencing Guidelines as dictated by the indictment for which the petitioner was charged and admitted to.

As such, under Blakely, the petitioner's appropriate sentencing range under the United States Sentencing Guidelines should have been situated at an overall Offense Level of 25 and an overall Criminal History Category of III, yielding a sentencing range of 70 to 87 months. The petitioner's 108 month sentence is therefore between 21 and 38 months beyond the statutory maximum prescribed by applicable law.

CONCLUSION

It is requested that this Honorable Court apply the reasoning and precedent recently announced by the United States Supreme Court in <u>Blakely v. Washington</u> to the circumstances of the instant case, as a defendant's Sixth Amendment right has always been "the law". Wherefore, until the United States Supreme Court announces otherwise, the petitioner prays this Honorable Court hold <u>Blakely</u> as controlling, and requests this court to act sua sponte or in conjunction with § 2255, Rule 60(b)(Fed. R. Civ. P.), § 3742, or any other legal authority and GRANT the petitioner any and all relief which is appropriate and due the petitioner by law.

In the alternative, the petitioner respectfully prays this Honorable Court GRANT leave to place the instant § 2255 motion in abeyance pending the decision and disposition by the United States Supreme Court in <u>United States v. Booker</u>, cert. granted (No. 04-104) and <u>United States v. Fanfan</u>, cert. granted (No. 04-105) as such decisions will finalize the applicability of the <u>Blakely</u> decision to the United States Sentencing Guidelines.

It is further prayed, that should this Honorable Court place the petitioner's § 2255 motion in abeyance pending the above cited decisions, that this Honorable Court also GRANT the petitioner leave to amend his § 2255 motion and argument under Rule 15 (Fed. R. Civ. P.) as may be necessary based on the upcoming decisions by

## CERTIFICATE OF SERVICE

I, Marino Nunez, do declare that true and correct copies of the foregoing brief were placed in the institution's legal mail box on this 5ᵗʰ day of ~~November~~, 2004, addressed to the following:
~~Dec~~ 2005
Jan — 2005

Michael J. Sullivan
Assistant US Attorney
John Joseph Moakley US Courthouse
One Courthouse Way, Suite 9200
Boston MA 02210


United States District Court
Office of the Clerk
John Joseph Moakley US Courthouse
One Courthouse Way, Suite 2300
Boston MA 02210

*Marino Nunez* (signature)
Marino Nunez

the United States Supreme Court in <u>Booker</u> and <u>Fanfan</u>. It is submitted that granting the petitioner leave to amend based on a change in law is proper and for good cause, and further that such will not prejudice the government.

Respectfully Submitted,

*/s/ Marino Nunez*
Marino Nunez
#23724-038
FCC Petersburg
P.O. Box 1000
Petersburg VA 23804