UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARINO NUNEZ, )
       Petitioner, ) Civil No. 04-10993-RCL
        ) Crim. No. 01-10260
       v. ) CA1# 03-1265
UNITED STATES OF AMERICA, )
       Respondent. )
_____)

PETITIONER'S APPLICATION TO FURTHER SUPPLEMENT
PETITION TO VACATE/CORRECT SENTENCE PURSUANT
TO RULE 15(d), F.R.C.P., IN LIGHT OF U.S. V. BOOKER

NOW COMES MARINO NUNEZ (hereinafter "Nunez"), Petitioner, Pro Se, who respectfully requests this Honorable Court permit him to further supplement his 28 USC § 2255 petition to vacate and/or correct his sentence, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, in light of further developments in the law as a result of the U.S. Supreme Court's decision in U.S. v. Booker, 160 L.Ed.2d 621 (2005), that were not available at the time the original petition was filed, and in support thereof will show as follows:

1.  Nunez hereby incorporates by reference into this proposed supplement everything stated in the original petition, and the Traverse to Government's Response, filed November 12, 2004, and make them a part hereof in their entirety.

2.  Nunez challenged, and the government's concedes such, the facts used by the sentencing court to increase/enhance his sentence both at the trial level and on direct appeal.

3.  Furthermore, his challenge went to facts presented to the court by the Probation Department, in the Presentence Report, that were based upon information allegedly gained from other

persons that Nunez never had the opportunity to cross-examine under oath to test the veracity of the said information, and also that these facts were found by the judge, under the preponderance of the evidence standard, and not admitted to by Nunez.

4. Nunez's challenges, therefor, were made as claims of violations of his Fifth Amendment Due Process and Sixth Amendment Notice and Jury Trial rights, as guaranteed by the U.S. Constitution.

5. At the time Nunez made these challenges, the law from District Courts and Courts of Appeal were unfavorable to Nunez, as these courts were misinterpreting and misconstruing the Supreme Court's rulings in Apprendi v. N.J., 530 US 466 (2000), and the Supreme Court's construction of the Fifth and Sixth Amendment guarantees in the context of federal sentencing.

6. The government claims that since the trial and appellate courts have already ruled against Nunez on these claims, that he is procedurally barred from relitigating said claims on collateral review. This is not true.

7. In Davis v. U.S., 417 US 333 (1974), the High Court held that even though legal issues raised in a prior direct appeal from a Petitioner's conviction was determined against the petitioner, he/she is not precluded from raising the issue in a § 2255 proceeding "if new law has been made ... since the trial and appeal." Kaufman v. U.S., 394 US 217, 230.( It further held that because a petitioner's claim is grounded in the laws of the United States as opposed to strictly the Constitution, that petitioner is not precluded from asserting the claim in a 2255 petition.

8. The language of Davis is instructive:

2

> "[B]ecause the petitioner had unsuccessfully litigated the Gutknecht issue on direct review, the Court of Appeals held that its earlier affirmance was "the law of the case" and precluded the petitioner from asserting on collateral attack his claim that its Fox decision had subsequently changed the law of the Ninth Circuit on that issue. In this Court, the Solicitor General's brief concedes that the opinion of the Court of Appeals in this reagard "is not consonant with this Court's holding in Sanders v. United States, 373 US 1." In Sanders, the Court held, inter alia, that even though the legal issue raised in a § 2255 motion "was determined against [the applicant] on the merits on a prior application," "athe applicant may [nevertheless] be entitled to a new hearing upon showing an intervening change in the law . . . ." Sanders, 373 US 1, 17. The same rule applies when the prior determination was made on direct appeal from the applicant's conviction, instead of in an earlier § 2255 proceeding, "if new law has been made . . . since the trial and appeal." Kaufman v. U.S., 394 US 217, 230(1969). Thus, the Court of Appeals erred in holding that "the law of the case," as determined in the earlier appeal from the petitioner's conviction, precluded him from securing relief under § 2255 on the basis of an intervening change in law."

Davis, supra, at 342 (all emphasis supplied).

9. Nunez's case falls squarely into the exception created by Davis, and the government in this case must concede as much, even though they did not cite the Davis case in their response. Both of Nunez's previous claims that were determined against him at trial level and on direct appeal are now meritorious and the law is favorable as a result of the intervening change in law wrought by Crawford v. Washington, (citation omitted), and Blakely and Booker.

10. Nunez has pleaded constitutional deprivations in the sentencing court using untested hearsay admissions to a Probation Officer, in violation of the Confrontation Clause of the Sixth Amendment, and facts not admitted to by Nunez, nor proved beyond a reasonable doubt to a jury, in violation of his Fifth Amendment Due Process Clause rights, and his Sixth Amendment Notice and

Jury Trial rights, as interpreted by the U.S. Supreme Court in Crawford, Blakely and Booker, respectively. The intervening change in law entitles him to relief.

11. In Blakely, supra, the High Court held that a sentencing court violates a defendant's constitutional rights under the Fifth and Sixth Amendments when it imposes punishment in excess of the facts bearing on punishment that were either reflected in a jury verdict that was found beyond a reasonable doubt or admitted to by a guilty pleading defendant.

12. Nunez pleaded guilty to five counts of the indictment. Only two of those counts charged a specific quantity of a narcotic drug; the other three counts alleged no amounts; therefore, Nunez can be held accountable for no more than he admitted to, i.e., 100 grams or more [100 grams] for count one, and 100 grams or more [100 grams] for count five, for a total of 200 grams that Nunez lawfully admitted to.

13. This so because where no drug amount is alleged, and Nunez simply pleaded guilty to the count[s] of the indictment as is, the sentencing court "is constrained at its outer limits by the facts," Apprendi v. N.J., 530 US at    (2000)(concurring opinion of Thomas, J.); Harris v. U.S., 536 US    (2002)(dissent of Thomas, J.), admitted to by Nunez. At best, for counts two through four, where no drug amount was alleged, Nunez can be sentenced to no more than is allowed by U.S. Sentencing Guidelines § 2D1.1(c)(14), offense level 12: 10-16 months. See Blakely, supra.

14. In U.S. v. Booker, the Supreme Court held Blakely to

be applicable to the U.S.S.G. for Fifth and Sixth Amendment purposes; as a result, the "statutory maximum" that could have been imposed on Nunez is to be found pursuant to U.S.S.G. §2D1.1(c)(7); offense level 26: "At least 100 G but less than 400 G of Heroin," for a 63-78 month sentence. Given that Nunez was also entitled to a three-point reduction for acceptance of responsibility, his sentence would be governed by U.S.S.G. 18 U.S.C. Chap. 5 Part A: offense level 23, for a 46-57 month range sentence.

15. Moreover, in light of the Supreme Court's holding in Shepard v. U.S., 161 L.Ed.2d 205 (2005)(concurring opinion of Thomas, J.), the Criminal History points assessed against Nunez are suspect and very likely found in violation of his Fifth and Sixth Amendment rights, as the Court recoznized Almendarez-Torres' prior conviction exception to the Apprendi rule to no longer be viable precedent. In any event, with the Criminal History category of III, Nunez still can be sentenced to no more than a 57-71 month range.

16. With respect to the use of hearsay, untested and not subjected to cross-examination, to arrive at facts used to sentence Nunez, Crawford v. Washington, supra, prohibits such use, and reasonable jurists find Confrontation Clause protections to be guaranteed at sentencing; especially where it would amount to the "tail wagging the dog." See U.S. v Gray, 362 F.Supp.2d 714 (S.D.W.Va. 2005)(Goodwin, J.)(..."[f]or hotly contested issues,... the truth seeking function of the Confrontation Clause deserves attention at sentencing."); U.S. v. Luciano, ___F.3d___, 2005 WL 1594576 *4 (1st Cir. 7/8/05)(The Court did not forclose district

Court judges from considering whether confrontation was provided in determining the reliability of the government's evidence.).

17. Thus, there is a strong argument that, in view of the concern for avoiding constitutional doubt, Crawford supports extending the right of confrontation to sentencing proceedings, particularly with regard to factual issues that may significantly affect the length of the sentence. This is the case with Nunez, and he is entitled to Confrontation Clause protection with respect to his sentence.

18. As Nunez does not either speak, read, write, nor understand the English language, he should not be found to have waived his rights to Confrontation at the sentencing by default because of erros made by his attorney. Nunez does not accept the government's position that Nunez's attorney made a strategic decision to not call witnesses at sentencing. The government had to burden, under Due Process and the Confrontation Clause, to produce evidence in the form of testifying witnesses, so that their information and accusations could be tested in the crucible of cross-examination through the dictates of the Confrontation Clause. Anything less is a fundamental violation of Due Process and Confrontation Clause rights.

WHEREFORE, Nunez respectfully asks this court to grant permission to supplement, further, his 2255 petition, to include further ruling case law precendent from the Supreme Court that could not have been pleaded in his previous pleadings, together with all other and further relief this Court deems fair and proper.

Everything stated herein is true to the best of my knowledge under penalties for perjury.

Respectfully Presented,

Dated: January 23, 2006
Petersburg, VA 23804

*Marino Nunez*
MARINO NUNEZ (23724-038)
PETERSBURG FCC (LOW)
P.O. BOX 1000
PETERSBURG, VA 23804

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been duly served on the U.S. Attorney for the Deistrict of Massachusetts by placing same in the U.S. Postal Service's "Legal Mailbox" at this facility, wityh sufficient first-class postage affixed, this January 23, 2006, pursuant to Houston v. Lack, 487 US 266 (1988) and 28 USC § 1746.

Dated: January 23, 2006
Petersburg, VA 23804

*Marino Nunez*
MARINO NUNEZ