MARINO NUNEZ (23724-038)
PETERSBURG FCC (LOW)
P.O. BOX 1000
PETERSBURG, VA 23804

June 1, 2006

Hon. Reginald C. Lindsay, U.S.D.J.
District of Massachusetts
One Courthouse Way,
Boston, MA 02210

Re: U.S.A. v. NUNEZ
Civ. No. 04-10993 (RCL)
Letter/Motion for Reconsideration
under Court's Local Rules and
Rule 59(e), F.R.C.P.

Dear Judge Lindsay:

On May 30, I received a copy of the court's order dismissing my petition to vacate sentence pursuant to 28 USC § 2255, dated May 25, 2006. This is to serve as a Letter/Motion for Reconsideration of the court's order on the ground that the court overlooked controlling decisions of the U.S. Supreme Court and the First Circuit Court of Appeals, and also overlooked and failed to address facts and claims made in my motion, that would reasonably be expected to alter the conclusion reached by the court.

I am also seeking relief from the judgment under Rule 59(e) of FRCP should this court not decide to reconsider its decision under the court's Local Rule for seeking reconsideration. I hereby incorporate by reference into this motion all other claims and allegations put forth in the original pleadings, including, but not limited to, the petition, the traverse, and the supplement filed on or about January 23, 2006, and make them a part hereof in their entirety.

First, the court mistakenly relied upon the language of <u>Singleton</u>

v. U.S., 26 F.3d 233, 240 (1st Cir. 1994), to dispose of my Sixth Amendment claims that the sentencing enhancements for leadership role and committing the offense while on probation on procedural default grounds. Ordinarily I would have been procedurally barred from relitigating these issues that were raised both at trial and on direct appeal. However, I am entitled to the exception carved out by Davis v. United States, 41 L.Ed.2d 109, 417 US 333, at 342 (1974), since there has been an intervening change in the law. As the Supreme Court stated later in Agostini v. Felton, 521 US 203, 236 (1997):

> "In light of our conclusion that Aguilar would be decided differently under our current Establishment Clause law, we think adherence to that decision would undoubtedly work a "manifest injustice," such that the law of the case doctrine does not apply. Accord, Davis v. U.S., 417 US 333, 342 (1974)(Court of Appeals erred in adhereing to law of the case doctrine despite intervening Supreme Court precedent)."

Likewise, it is the law of the First Circuit:

> "[I]ssues decided on direct appeal generally cannot be relitigated in a section 2255 motion. U.S. v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990) (per curiam); Tracey v. U.S., 739 F.2d 679, 682 (1st Cir. 1984), cert. denied, 469 us 1109 (1985). Only if there has been an intervening change in the law may they be reconsidered. Davis v. U.S., 417 US 333, 342 (1974)."

Robinson-Munoz v. U.S., 819 F.Supp. 1136, 1142 (D.Puerto Rico 1993). (emphasis added).

Blakely v. Washington, 159 L.Ed.2d 403 (2004), U.S. v. Booker, 160 L.Ed.2d 621 (2005), is the intervening change in law wrought by the Supreme Court that permits Nunez to relitigate these claims on collateral review under 28 USC § 2255 ¶ 6(1).

Secondly, the court's reference to the nonretroactive application of Booker to cases on collateral review is inapplicable and inapposite to my case for the reasons heretofore set forth. I did challenge the court's imposition and increase of my sentence on constitutional grounds, under the Sixth Amendment Notice and Jury Trial guarantees and the Fifth Amendment's Due Process Clause. I also challenged it on direct appeal. The intervending change in law permits me to again litigate these claims, and successfully now. I am not subject to the procedural bar erected against a defendant who either failed to raise the issue previously or whose conviction became final and he did not file his 2255 within the one year limitations period under 2255 ¶ 6(1). The retroactivity doctrine only applies to those defendants who never raised the issue on direct appeal or at the trial level, or to those who seek to invoke the court's jurisdiction under 2255 ¶ 6(3).

With respect to my Sixth Amendment Confrontation Clause claims, U.S. v. Berthoff, 308 F.3d. 124, 127-128 (1st Cir. 2002), only requires that a defendant raise an issue at trial "**or**" on direct appeal in order to avoid the procedural default that would otherwise lie. I did raise the issue of confrontation of the sources relied on by the Probation Office in the PSR and the court in determining my further culbability. I did not cross examine those sources. My appellate attorney abandoned this mertirorious claim on direct appeal, which is sufficient to show "cause and prejudice" under the Brusley v. U.S., 523 US 614, 622 (1998) standard, and the Glover v. U.S., 531 US 198 (2001), standard for prejudice.

Crawford v. Washington, (citation omitted) had already been briefed and argued before the U.S. Supreme Court at the time my direct appeal was pending. My attorney owed me a duty not to abandon this issue on appeal, and had a fiduciary obligation to be abreast of criminal justice issues pending before the Supreme Court that directly impact a client's case. This he did not do, which is the cause for this issue not being raised on direct appeal, and the prejudice of my having to suffer additional jail time for conduct I claim not to have occurred. Without the opportunity to cross examine the phantom sources relied upon by the court and Probation, I am deprived of Confrontation Clause rights to my detriment. I am not procedurally barred, as I have offered sufficient proof that I am entitled to an exception.

Ineffective assistance of appellate counsel is shown when a meritorious claims is abandoned on direct appeal. Cirilo-Munoz v. U.S., 404 F.3d 527, 531-32 (Remanding for resentencing when appellate counsel failed to raise meritorious sentencing issue on direct appeal). I have shown that my appellate counsel's performance fell below an objective standard of reasonableness; that but for counsel's failure the outsome at sentencing on appeal would have been different; and that he owed me a duty to attack the sentence on appeal that was based on a violation of my Confrontation Clause and Due Process rights, in addition to my Sixth Amendment notice and trial rights, and no competent attorney would have failed to pursue the claim. Strickland v. Washington, 466 US 668 (1984); Arroyo v. U.S., 195 F.3d 54, 55 (1st Cir. 1999). I have met the tests required.

The court used untested and not subject to cross-examination hearsay to arrive at facts used to sentence me. This is prohibited by <u>Crawford</u>, supra, and reasonable jurists find Confrontation clause protections to be guaranteed at sentencing. <u>U.S. v. Gray</u>, 362 F. Supp.2d 714 (S.D.W.Va. 2005)(Goodwin, J.)(..."[f]or hotly contested issues,... the truth seeking function of the Confrontation Clause deserves attention at sentencing."); <u>U.S. v. Luciano</u>, ___F.3d___, 2005 WL 1594576 *4 (1st Cir. 7/8/05)(The Court did not forclose district court judges from considering whether confrontation was provided in determining the reliability of the government's evidence.).

District courts local rules provide for reconsideration of its decision and order when "the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Trnasp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995); <u>Lopez v. Smiley</u>, 375 F. SUpp.2d 19, 21 (D.Conn. 2005). This burden has been satisfied by me. Rule 59(e) permits the court to alter or amend it judgment based on intervening changes in the law and/or to correct clear errors of law in its rulings. This has also been met.

Everythaing stated herein is true to the best of my knowledge under penalties for perjury.

Yours,

*Marino Nunez* (signature)
MARINO NUNEZ

A copy of this Letter/Pleading was duly served on the U.S. Attorney for the District of Massachusetts through legal mail procedures at this facility on June 2, 2006.